### Dalton vs. Drake, Executor.

Complaint, from Oglethorpe. Pleadings. Verdict. Practice in Superior Court. Evidence. New Trial. Charge of Court. Statute of Limitations. Mutual Accounts. (Before Judge Pottle.)

Hall, J.—1. Although the plea in this case was unnecessarily full and redundant, and might, for all practical purposes, have been omitted, and the facts set forth by it would have been admissible under the general issue, yet it was not amenable to the charge of duplicity. The matter contained in it which is claimed to arise ex delicto amounted simply to an allegation that the plaintiff was guilty of a breach or abuse of trust in the management of the business of his principal, for services in connection with which he sued; and the overruling of the demurrer thereto was not error.

2. Where there were several pleas, and the jury found a general verdict in favor of the defendant, without specifying on which plea it was found, in order to take advantage of this omission, the plaintiff should have requested instructions from the court on that subject in his charge, or, when the verdict was returned, he should have called attention to the omission and asked that it be recitified. 66 Ga., 531; 67 Id., 624.

(a) Interpreting the verdict in this case fairly in connection with the pleadings and the issues made thereby, it must be inferred that the jury found for the defendant on the plea of the general issue, as amplified, and not on the plea of the statute of limitations.

·3. The testimony of Reynolds was properly admitted. It was not irrelevant, but tended to rebut the claim of the plaintiff of skill and efficiency in the management of the farm and operations connected therewith involved in this case. If its competency was doubtful, it should have been admitted and its weight left to the jury. Even if its admission were error, it was not so materal as to require a new trial.

4   The various exceptions to the rejection of testimony were properly abandoned here, as without merit.

5.  Where a witness testified to most of the facts stated in his affidavit appended to a motion for new trial as being newly discovered evidence, and such facts were merely cumulative, and no diligence was used by the movment in reference thereto, a new trial will not be granted on the ground of newly discovered evidence.

6.  Where the charge of the court in respect to the statute of limitations was more applicable to the facts in the case and fully as favorable to the excepting party as a request to charge made by him, the refusal of such request will not authorize a new trial.

(a)  This court is not satisfied that a case of mutual dealings, in the legal sense of that term, was shown between the parties; nor is it necessary to decide what would have been the effect on the statute of limitations in this case, had it been so shown.

7.  The verdict is in accordance with the law and the evidence.

Judgment affirmed.

John C. Reed; Barrow & Thomas; Hamilton McWhorter, for plaintiff in error.

J. T. Olive; H. T. Lewis, for defendant.